United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40362
Summary Calendar

HERMENEGILDO RODRIGUEZ,

Plaintiff-Appellant,

versus

ROBERT ZEPEDA,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CV-364
--------------------

Before Barksdale, Stewart, and Clement, Circuit Judges.

PER CURIAM:[*]

Hermenegildo Rodriguez, a Texas resident, appeals from the district court's entry of judgment in favor of defendant-appellee Robert Zepeda, a police officer, following a jury trial in Rodriguez's 42 U.S.C. § 1983 civil rights action. Rodriguez contends that the district court abused its discretion in admitting evidence that he used drugs on the day he was shot by Officer Zepeda.

In his complaint, Rodriguez alleged that Officer Zepeda subjected him to excessive force when he shot Rodriguez without provocation, while Zepeda and other police officers were

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

executing a search warrant for a house where Rodriguez was staying. Rodriguez asserted that Zepeda shot him without identifying himself and without warning. Zepeda, however, asserted that Rodriguez, who was standing in the house's carport when the police arrived in an unmarked vehicle, failed to heed police commands that he get on the ground and instead reached into his waistband and pulled out an object that Zepeda believed to be a weapon. It was undisputed that, after Rodriguez was shot and fell in the carport, a crack pipe and a cigarette lighter were found near him on the ground.

The court overruled Rodriguez's pre-trial motion in limine to the extent that he sought to prevent Officer Zepeda from introducing medical and other evidence that Rodriguez was under the influence of drugs at the time of the shooting. Rodriguez argues that such evidence was irrelevant and prejudicial bad-character or bad-act evidence. Officer Zepeda argues that the drug-use evidence was relevant to resolving the factual disputes regarding whether Zepeda and other officers identified themselves and yelled commands that Zepeda drop to the ground and whether a drug-impaired condition may have prevented Rodriguez from heeding and obeying these commands.

We review the denial of a motion in limine for abuse of discretion. Buford v. Howe, 10 F.3d 1184, 1188 (5th Cir. 1994). "The trial judge's assessment of relative probative value of evidence and unfair prejudice is generally accorded great deference because of his or her first-hand exposure to evidence and familiarity with the course of the proceedings."

International Ins. Co. v. RSR Corp., 426 F.3d 281, 300 (5th Cir. 2005). "Erroneous evidentiary rulings by the trial court constitute reversible error only when those rulings have affected a party's substantial rights." Kelly v. Boeing Petroleum Servs., Inc., 61 F.3d 350, 361 (5th Cir. 1995) (footnote and citation omitted). "An error does not affect substantial rights 'if the court is sure, after reviewing the entire record, that the error did not influence the jury or had but a very slight effect on its verdict.'" Id. (footnote and citation omitted).

The determination whether evidence is relevant depends in part on what a plaintiff is required to prove in order to make his case. In the context of the instant case, a claim that a police officer used excessive force in the course of a seizure is analyzed under the Fourth Amendment. Graham v. Connor, 490 U.S. 386, 395 (1989). To prove an excessive-use-of-force claim, a plaintiff must demonstrate (1) an injury, which (2) resulted directly and solely from the use of force that was clearly excessive to the need, and the excessiveness of which was (3) "objectively unreasonable." Ikerd v. Blair, 101 F.3d 430, 433-34 (5th Cir. 1996). Whether the force used was objectively reasonable is determined according to the facts of each case, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396.

For several reasons, we conclude that the probative value of the drug-use evidence was not "substantially outweighed by the

danger of unfair prejudice," see FED. R. EVID. 403, and that the district court did not abuse its discretion in admitting the evidence.  Given the purpose of the search warrant and raid and the presence of a crack pipe near Rodriguez, there was a reasonable possibility that Rodriguez's perceptions may have been impaired by drug use.  Although Rodriguez is correct in stressing that the Fourth Amendment standard for excessive-force claims is an objective one and that the plaintiff's subjective state of mind in such a case is not directly relevant to proving such a claim, the drug-use evidence in the instant case was directly relevant both to refuting Rodriguez's testimony that the officers gave no warnings or commands and to explaining Rodriguez's allegedly odd behavior in the face of such warnings and commands.

Rodriguez has not established that the drug-use evidence affected his substantial rights.  See Kelly, 61 F.3d at 361.  The evidence was relevant, and it was supplemented by significant other evidence connecting him to drugs and drugs sales.  Moreover, defense counsel emphasized that the drug-use evidence was not being offered to show that Rodriguez was a "bad person," and the special-verdict questions submitted to the jury focused on the conduct and state of mind of defendant Zepeda, not the actions of Rodriguez.

For the above stated reasons, we AFFIRM.